**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EDWARD SILCOX, | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-15-1139 |
| MARYLAND PAROLE COMMISSION, Et al., | * | |
| Respondents | * | |

***

**MEMORANDUM**

Respondents have filed an answer to the above-captioned petition for writ of habeas corpus seeking dismissal of this matter as unexhausted. ECF No. 5. Petitioner has not replied.[1] For the reasons that follow, the petition shall be dismissed without prejudice.

Petitioner Edward Silcox ("Silcoxk") alleged he was being held in the custody of the Maryland Department of Public Safety and Correctional Services (DPSCS) unlawfully because he had been provided a parole revocation hearing in a timely manner. ECF No. 1. He indicates that the failure to provide him a hearing resulted in his being unable to attend other scheduled court proceedings. *Id.* As relief, Silcox seeks immediate release from confinement. *Id.*

The claims presented by Silcox involve questions of state law making the petition subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir.

---

[1] Silcox has filed correspondence with the court complaining that the Detention Center requires his mail be delivered to the mail room unsealed. ECF 6. If Silcox believes his constitutional rights have been violated in the handling of his mail he may file a civil rights complaint raising those claims.

2010) (applying exhaustion requirements to §2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Silcox has not exhausted state judicial review regarding the untimely revocation hearing or the Commission's decision to revoke his parole. Silcox has not filed a petition for writ of habeas corpus in state court challenging the lack of a revocation hearing or an appeal of the revocation decision. ECF 5-1; ECF 1, pp. 7-9.

As it is clear that Silcox did not exhaust his claim regarding the delay in a parole revocation hearing with the Maryland state courts, the instant petition must be dismissed without prejudice.[2] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

[2] Respondents also assert that subsequent to the filing of the instant petition, Silcox was provided a revocation hearing on May 11, 2015. The Parole Commission continued Silcox on mandatory supervision after finding he had violated the rules of his release. ECF 5-2. He was detained after the hearing because he had three pending criminal charges. *Id.* Thereafter, he was released from custody of DPSCS on May 14, 2015. ECF 5-3. Thus, Silcox's petition is moot. "Aa case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Silcox has not demonstrated a basis for the issuance of a certificate of appealability.

A separate order follows.

Date

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 MAR 22 PM 3:50
CLERK'S OFFICE
AT BALTIMORE
BY ______ DEPUTY